Of Counsel:
CHAR SAKAMOTO ISHII LUM & CHING
Attorneys at Law
A Law Corporation

CAROLYN E. HAYASHI          4234
Davies Pacific Center
841 Bishop Street, Suite 850
Honolulu, Hawaii 96813
Tel: (808) 522-5133
Fax: (808) 522-5144
Email: CEHayashi@lawcsilc.com

Attorney for Plaintiffs
TRUSTEES OF THE PAMCAH-UA
LOCAL 675 TRUST FUNDS

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAMCAH-UA LOCAL 675 PENSION FUND; PAMCAH-UA LOCAL 675 ANNUITY FUND; PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND; PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND; PAMCAH-UA LOCAL 675 TRAINING FUND; PAMCAH-UA LOCAL 675 COOPERATION FUND; | CIVIL NO. 1:25-cv-00442-DKW-KJM<br><br>**FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT GORDON MECHANICAL LLC, A HAWAII LIMITED LIABILITY COMPANY** |
|         Plaintiffs,<br>    v. | Hearing:<br>Date: February 25, 2026<br>Time:  10:30 a.m.<br>Judge:  The Honorable Kenneth J. Mansfield |
| GORDON MECHANICAL LLC, a Hawaii limited liability company; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE | No trial date set.<br><br>(Caption continued on next page) |

GOVERNMENTAL AGENCIES 1-10; DOE TRUSTS 1-10;

     Defendants.

**FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT GORDON MECHANICAL LLC, A HAWAII LIMITED LIABILITY COMPANY**

On October 13, 2025, the Trustees of Plaintiffs PAMCAH-UA LOCAL 675 TRUST FUNDS, which include the Pension, Annuity, Health & Welfare, Vacation and Holiday, Training and Cooperation Trust Funds (hereinafter collectively referred to as "Plaintiffs" or "Trust Funds"), filed a Complaint against Defendant Gordon Mechanical LLC, a Hawaii limited liability company ("Gordon Mechanical" or "Defendant") [ECF No. 1]. On November 25, 2025, Plaintiffs filed their First Amended Complaint against Defendant Gordon Mechanical LLC, a Hawaii limited liability company [ECF No. 11].

On December 2, 2025, Defendant was served with the First Amended Complaint, Civil Cover Sheet filed November 25, 2025 [ECF No. 11-2], First Amended Summons filed November 26, 2025 [ECF No. 13], Order Setting Rule 16 Scheduling Conference filed October 14, 2025 [ECF No. 5] and Minutes Continuing Schedule Conference dated November 17, 2025 [ECF No. 10].  *See* Proof of Service filed December 2, 2025 [ECF No. 14]. Defendant failed to answer, or otherwise plead, and such time to answer or otherwise plead has

expired. Thereafter, Plaintiffs requested that default be entered against Defendant [ECF No. 15], and on December 26, 2025, the Clerk of the Court made an Entry of Default of Defendant [ECF No. 16].

On January 15, 2026, Plaintiffs filed their Motion for Entry for Default Judgment against Defendant Gordon Mechanical in the amount of $553,732.55 ($445,207.64 in contributions, $106,838.32 in liquidated damages, and $1,686.59 in attorneys' fees and costs) ("Motion") [ECF No. 19].

The Motion came on for hearing on February 25, 2026, before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant [ECF No. 23]. Carolyn E. Hayashi, Esq. appeared on behalf of Plaintiffs. Defendant failed to appear after three calls by the courtroom manager and failed to otherwise respond to the Motion.

## **FINDINGS**

Having reviewed the Motion, the memoranda in support of the Motion, the declaration of Erinn Liu, declaration of Carolyn E. Hayashi, and the exhibits thereto, and the record established in this action, the Court finds as follows:

1. Plaintiffs are fiduciaries and trustees of the PAMCAH-UA LOCAL 675 PENSION FUND; PAMCAH-UA LOCAL 675 ANNUITY FUND; PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND; PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND; PAMCAH-UA LOCAL 675 TRAINING

FUND; PAMCAH-UA LOCAL 675 COOPERATION FUND (hereinafter collectively referred to as "Trust Funds") [ECF No. 11 at 2 ¶ 1].

2.  The Annuity Fund is a money purchase pension plan and the Pension Fund is a defined benefit pension plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health & Welfare, Training, and Vacation & Holiday Funds are employee welfare benefit plans as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Trust Funds are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) [ECF No. 11 at 2–3 ¶ 2].

3.  This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears [ECF No. 11 at 3 ¶ 4].

4.  Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f). Jurisdiction is proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a). [ECF 11 at 3 ¶ 4].

5.  On May 24, 2019, Defendant agreed to be a signatory to the Collective Bargaining  Agreement ("CBA") between the Local 675 of the United Association of Journeyman and Apprentice Plumbers and Pipefitters of the United States and

Canada, AFL-CIO ("Union") and the Plumbing & Mechanical Contractors Association (collectively referred to as the "Bargaining Agreement.") [ECF 11 at 5 ¶ 8].

6.  By agreeing to abide by the Bargaining Agreement and various trust agreements attached thereto, Gordon Mechanical is specifically required to do the following:

a.    Pay the Trust Funds certain amounts for employee benefits, for work and labor performed by Gordon Mechanical's covered employees, on or before the due dates as specified in the Bargaining Agreement. [ECF 11 at 7 ¶ 13].

b.    In the event any monthly contributions were not paid when due, Gordon Mechanical would pay to each Trust Fund liquidated damages in the amount of ten percent (10%) per annum on unpaid contributions for additional administrative hours and costs for late contribution]. [ECF 11 at 7 ¶ 14]

c.    If it became necessary for the Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages against Defendant, that Defendant would pay all court and collection costs and reasonable attorneys' fees. [ECF 11 at 9 ¶ 19].

7.  Furthermore, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act, Plaintiffs, as fiduciaries, have standing to enforce the terms of ERISA plans by

obtaining appropriate relief from this Court. Section 502 of ERISA, 29 U.S.C. §1132(e)(1), grants exclusive jurisdiction to the district courts to hear civil actions brought by Secretary of Labor or by a participant, beneficiary or a fiduciary.

8.   The Court has considered the application of the factors for evaluating whether default judgment is appropriate as set forth in *Eitel v. Cool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Evaluating all of the *Eitel* factors, default judgment against Defendant is appropriate.

9.   Since the filing of the First Amended Complaint, Gordon Mechanical paid its contributions for June and July 2025. However, Gordon Mechanical still owes liquidated damages for those months. *See* Declaration of Erinn Liu [ECF No. 19-2 at 4 ¶ 8].

10. In summary, for the period May 2025 and August 2025 through September 2025, Gordon Mechanical owes the Trust Funds $445,207.64 in contributions, and for the period of March 2025 through September 2025, owes the Trust Funds $106,838.32 in liquidated damages. The liquidated damages are based on 10% of delinquent contributions as follows:

//

//

//

//

6

| Month | Contributions on which liquidated damages are based | Liquidated Damages |
|---|---|---|
| March 2025 | $217,852.70 (contributions were paid, but liquidated damages were not) | $21,785.27 |
| April 2025 | $167,095.01 (contributions were paid, but liquidated damages were not) | $16,709.51 |
| May 2025 | $188,789.10 | $18,878.92 |
| June 2025 | $119,629.06 (contributions were paid, but liquidated damages were not) | $11,962.92 |
| July 2025 | $118,598.11 (contributions were paid, but liquidated damages were not) | $11,859.83 |
| August 2025 | $135,605.83 | $13,560.58 |
| September 2025 | $120,812.71 | $12,081.29 |
| Total due and owing | **$445,207.64** | **$106,838.32** |

11. An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1145 and 1132.

12. This Court has reviewed the billing records of Plaintiffs' counsel and the declarations attached to the Motion and finds the requested attorneys' fees and

costs to be reasonable, necessarily incurred, and directly related to the services provided herein.

## RECOMMENDATION

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment be entered in favor of Plaintiffs and against Defendant Gordon Mechanical LLC, a Hawaii limited liability company, for contributions in the sum of $445,207.64, liquidated damages in the sum of $106,838.32, and attorneys' fees and costs in the amount of $1,686.59, without prejudice to the Plaintiffs to seek other and further damages from Defendant arising from unaudited hours worked by Defendant's employees from March through September 2025, for a total default judgment in the amount of $553,732.55.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, March 6, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

---

*Trustees of the PAMCAH-UA Local 675 Trust Funds v. Gordon Mechanical LLC, a Hawaii limited liability company, et al.*; Civil No. 1:25-cv-00442-DKW-KJM; **FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT GORDON MECHANICAL LLC, A HAWAII LIMITED LIABILITY COMPANY**